UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.   1:03-CR-05 |
| | ) |                     1:05 CV-169 |
| JAYSON B. LANE | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF DECISION AND ORDER

Presently before the court is Defendant Jayson B. Lane's, ("Defendant's" or "Lane's") Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" filed on May 19, 2005. The Government responded on July 8, 2005 to which the Defendant replied on August 24, 2005. For the following reasons, Defendant's motion will be DENIED as will any request for a certificate of appealability.

### Background

On February 26, 2003, a federal grand jury returned a single count indictment against Lane alleging that he possessed cocaine base (crack) with the intent to distribute it, in violation of 21 U.S.C. §841. On May 2, 2003, Lane appeared before Magistrate Judge Roger B. Cosbey and pled guilty pursuant to a written plea agreement. Lane agreed to plead guilty in return for the Government's agreement to: (1) recommend a three-level reduction in the offense level for acceptance of responsibility, and (2) recommend a sentence at the low end of the sentencing guidelines. Lane also agreed to waive all rights to appeal his sentence and agreed not to contest the sentence in any post-conviction proceeding including a proceeding under 28 U.S.C. §2255.

1

During the plea colloquy, the Magistrate advised Lane and his counsel that his plea agreement expressly waived his right to appeal his sentence or the manner in which it was determined in any post-conviction proceeding. Lane also acknowledged that no promises had been made to him to induce him to plead guilty, he had no expectation as to what his sentence would be, and that he knew the court was not bound to apply any recommended sentence offered by the Government. Thereafter, on May 21, 2004, Lane appeared for sentencing and received a sentence of 151 months imprisonment, 4 years supervised release and a $100.00 special assessment. The 151 month sentence of imprisonment was due, in part, to his designation under U.S.S.G. §4B1.1 as a career criminal offender. For its part, the Government filed a departure motion recommending a two level reduction under U.S.S.G. §5K1.1 for substantial assistance provided by Lane to the Government. During the sentencing hearing, Lane was again advised by the undersigned that his plea agreement waived his appellate rights including his right to proceed under §2255. On that same date a Judgment in a Criminal Case was entered from which Lane did not appeal.

On May 20, 2005, Lane filed the instant petition wherein he argues that his defense counsel provided ineffective assistance of counsel by (1) misrepresenting the length of the sentence Lane would receive and the BOP facility where he would serve his sentence; (2) permitting Lane to waive his 2255 rights in the Plea Agreement; and (3) failing to undertake proper discovery and file a suppression motion. Lane also argues that the recent changes in the law pursuant to *United States v. Booker*, 125 S.Ct. 738 (2005) mandate relief from his sentence. For the following reasons, Lane's petition will be DENIED as will a certificate of appealability.

## Discussion

As indicated, the crux of Lane's complaint is that counsel was ineffective at various stages

2

of his proceedings and thus, he argues, he is entitled to relief under §2255. The Government, in turn, points out that Lane waived his right to bring this §2255 proceeding pursuant to the written plea agreement and that such a waiver is binding on him in this proceeding. *See Jones v. United States*, 167 F.3d 1142, 1144-45 (7th Cir.1999); *United States v. Woolley,* 123 F.3d 627, 631-32 (7th Cir. 1997) ("[T]he right to appeal is a statutory right, and like other rights -- even constitutional rights -- which a defendant may waive, it can be waived in a plea agreement.").

True enough, in his Plea Agreement Lane agreed to the following provision: "[D]efendant expressly waives her right to appeal her sentence on any ground, including any appeal right conferred by 18 U.S.C. §3742. Defendant also agrees not to contest his sentence or the manner in which it was determined in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. §2255." (Plea Agreement, ¶12(c)). But, this waiver clause, assuming it is a valid waiver, covers only appeals or collateral attacks on Lane's *sentence,* not his *conviction,* and it therefore does not bar his challenge to the effectiveness of counsel's assistance during plea negotiations, *See Bridgeman v. United States,* 229 F.3d 589, 591-92 (7th Cir.2000) (noting that "a claim of ineffective assistance of counsel in connection with the negotiation of a [plea] agreement cannot be barred by the agreement itself – the very product of the alleged ineffectiveness."); *see also Mason v. United States,* 211 F.3d 1065, 1069 (7th Cir.2000), or his claims that counsel was ineffective by failing to file pretrial motions and engage in discovery. The waiver would, however, bar Lane's claims relating to counsel's performance at sentencing as well as his claim that his sentence is unconstitutional in light of *United States v. Booker*, 125 S.Ct 738 (2005). *Bridgeman*, 229 F.3d at 591-92; *United States v. Bownes*, 405 F.3d 604 (7th Cir. 2005) (holding appellate waiver in plea agreement waives claims of an illegal sentence based upon *Booker*). Accordingly, the court

3

turns first to an examination of the validity of the appellate waiver provision and, as outlined below, the validity of the plea agreement generally.

An appellate waiver will be enforced if: (1) its terms are clear and unambiguous; and (2) the record demonstrates that it was entered into "knowingly and voluntarily." *Jones*, 167 F.3d at 1144. Here, there is no question but that the appellate waiver set forth in Lane's plea agreement fulfills these requirements and Lane does not argue that he did not understand, know about, or agree to the waiver. Instead, Lane contends that his "plea of guilty was unlawfully induced and not made voluntarily without[sic] understanding the nature of the charges and the consequences of the plea to which I signed my name." (Petition, ¶5). As part of this argument, Lane claims that counsel represented to him that he would only have a five year sentence if he pled guilty.

A comprehensive review of the record demonstrates that it is replete with evidence that Lane knowingly and voluntarily entered into a plea agreement. Aside from the provisions in the plea agreement itself, which Lane presumably read and signed, the Magistrate questioned Lane extensively in open court about the plea agreement in general, about whether he had an adequate opportunity to read it an discuss its provisions with counsel, about whether he understood that he was waiving his right to appeal his sentence or the manner in which it was imposed in any post-conviction proceeding, about whether there were promises made to him aside from the plea agreement to induce him to plead guilty, and about whether his attorney made any promises to him other than what was contained in the plea agreement. At no time during this exchange did Lane indicate he was promised a particular sentence in return for his guilty plea. In fact, when questioned about what he understood the contents of his plea agreement to be, Lane stated that he understood that by pleading guilty he was exposing himself to a sentence of imprisonment between 5 and 40

years:

> COURT: ...Has there been any plea agreement entered into between you and your counsel and counsel for the government?
> LANE: Yes, sir.
> COURT: What is the substance of that plea agreement, sir?
> LANE: Five to forty years. I plead guilty.

( Transcript of Plea, pp. 11-12).

This court has reiterated on numerous occasions the Seventh Circuit's position that "[e]ntry of a plea is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard." *United States v. Stewart*, 198 F.3d 984, 986 (7th Cir. 1999). In this case, Lane's answers during the plea colloquy require this Court to give validity to the plea agreement and the appellate waiver contained therein. Accordingly, the appeal waiver language in Lane's plea agreement precludes him, as previously noted, from challenging the imposition of his sentence in a §2255 proceeding, including his claim that the recent pronouncement in *Booker* obligates the court to resentence him. *See Bownes*, 405 F.3d at 607. Similarly, the appellate waiver bars Lane from complaining about counsel's allegedly deficient performance at sentencing. *See Bridgeman*, 229 F.3d at 591-2.

Nonetheless, Lane urges that counsel's performance in negotiating the plea was defective and so even if the record demonstrates that he understood the terms of the plea agreement and voluntarily entered into the agreement, he should be relieved of it now because counsel was ineffective in the negotiation process. To establish ineffective assistance of counsel, a defendant must show both that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's substandard representation, the result of the proceeding would have been different. See *Strickland v. Washington*, 466 U.S. 668, 694, 104

5

S.Ct. 2052, 80 L.Ed.2d 674 (1984). "As applied in the plea bargaining context, a defendant must show that counsel did not attempt to learn the facts of the case and failed to make a good-faith estimate of a likely sentence. He must also show that his lawyer's deficiency was a decisive factor in his decision to plead guilty." *United States v. Cieslowski,* 410 F.3d 353, 358 -359 (7th Cir. 2005). Here, Lane has made no such showing.

Lane alleges simply that counsel should not have permitted him to waive his right to file post-conviction motions in his plea agreement and that, in essence, counsel should have negotiated a better plea agreement for him. Lane does not provide any information on how or why counsel was ineffective by negotiating the plea agreement nor does he provide any information on what benefit he would have received if counsel had not negotiated the waiver or the plea. Further, Lane has not presented any evidence that a better plea agreement was available. In fact, it appears from this court's review, that Lane received a fairly generous plea given his history and the strength of the Government's case against him.

Lane was charged with a violation of 21 U.S.C. §841(a)(1) which carried a mandatory minimum sentence of 5 years with a maximum sentence of 40 years. Lane also had two prior felony criminal convictions involving crimes of violence, which qualified him as a career offender under the sentencing guidelines. Thus, Lane's history, combined with the present charge, placed him in the position of facing a hefty potential sentence.

As to the validity of the §841 charge, there was a high probability that if Lane opted to take the case to trial, that he would be convicted. Indeed, Lane was arrested by police as he was leaving a residence where a controlled purchase of crack cocaine had occurred moments earlier. Lane had been observed by a confidential informant as the supplier of the crack to a third-party who, in turn,

sold it to the confidential informant. And, when examined objectively, Lane did benefit from the plea agreement counsel negotiated on his behalf. Plea agreements are contracts and in a contract "one binds oneself to do something that someone else wants, in exchange for some benefit to oneself." *Bownes*, 405 F.3d at 636. As it stands, Lane received a substantial benefit from the Government in return for his plea agreement, including his agreement to the appellate waiver provision. Lane received a three level reduction for acceptance of responsibility and he received a recommendation from the Government for a low-end sentence based upon the United States Sentencing Guidelines. For Lane to receive these benefits, it is reasonable that he had to concede some things himself. Lane has not put forth any basis for the court to conclude that his counsel's performance in procuring a plea agreement that provided for reductions to Lane's sentence but, in return, required Lane to agree to an appellate waiver provision was unreasonable or even deficient performance.

Even if Lane could show defective performance by counsel, Lane would fail on the prejudice prong of the *Strickland* analysis. "The prejudice component focuses on whether counsel's constitutionally deficient performance affected the outcome of the plea process. It requires the defendant to 'show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded and would have insisted on going to trial.'" *United States v. Cieslowski,* 410 F.3d 353, 359 (7th Cir. 2005)(quoting *Hill v. Lockhart,* 474 U.S. 52, 59 (1985)). Here, Lane does not, at any point in his filings, indicate that he would have insisted on going to trial had counsel not negotiated the plea agreement. Rather, his complaint appears to be simply that counsel should have negotiated a better plea agreement. But, this is not the same as saying that but for the allegedly deficient plea agreement a defendant would have gone to trial. Accordingly, Lane has not demonstrated prejudice

7

so as to support the second prong of the *Strickland* analysis.

Lastly, Lane contends that counsel should have conducted additional discovery and filed a motion to suppress evidence seized during the traffic stop resulting in Lane's arrest. "To show prejudice under *Strickland* from failure to file a motion, [petitioner] must show that (1) had his counsel filed the motion, it is reasonable that the trial court would have granted it as meritorious, and (2) had the motion been granted, it is reasonable that there would have been an outcome more favorable to [petitioner]." *Wilson v. Henry,* 185 F.3d 986, 990 (9th Cir.1999). However, the decision whether to file a motion to suppress or not is usually a strategic call that will be given substantial deference against second-guessing. *See, e.g., Wilson v. Schomig,* 234 F.Supp.2d 851, 871 (C.D.Ill.2002) ("As a general rule, trial counsel's failure to file a motion [to suppress statements] does not establish incompetent representation, especially when that motion would be futile. Whether or not to file a motion is a matter of trial strategy which will be accorded great deference.") (internal quotation marks and citation omitted). "There are countless ways to provide effective assistance in any given case [and] ... the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689.

In this case, there is simply nothing that would give rise to the conclusion that had a motion to suppress been filed, the court would have granted it. In fact, the underlying facts suggest the opposite conclusion. Lane was arrested leaving a residence where a controlled buy of crack cocaine had taken place. According to the facts in the presentence report, police sent a confidential informant into a residence to make a controlled purchase of crack from the person inside the residence. The confidential informant entered the residence and spoke with an individual who indicated that he needed to call his supplier. The confidential informant then witnessed the person

8

inside the residence make a telephone call and moments later, Lane arrived at the residence in a truck. The other individual in the home and Lane were in the kitchen area and, when the other individual exited the kitchen and returned to the confidential informant in the living room, the controlled purchase occurred. The confidential informant also witnessed Lane leaving the kitchen. As Lane left the residence, he failed to yield to a red traffic signal and was pulled over by police. In excess of 7 grams of cocaine base was found on Lane's person at the time of his arrest.

Given the above facts, any motion to suppress would have been frivolous and Lane's attorney did not render ineffective assistance of counsel by failing to file a motion to suppress. *See United States v. Hanley,* 906 F.2d 1116, 1121 (6th Cir.1990) (the failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

As for Lane's complaint that his counsel did not conduct adequate discovery, this allegation is simply an unsupported contention by Lane not grounded in any fact presented to this court. Moreover, there is no evidence presented that any particular discovery would have altered the outcome of the proceeding as is required under *Strickland*. Accordingly, Lane's petition pursuant to 28 U.S.C. §2255 is DENIED.

### Certificate of Appealability

The court shall also deny any request by Lane for a certificate of appealability. Pursuant to 28 U.S.C. § 2253, a prisoner seeking appellate review of a district court's denial of a § 2255 motion must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1). Section 2253(c)(2) provides that a certificate "may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." Section 2253(c)(3) adds that the certificate must "indicate which specific issue or issues satisfy the showing required by paragraph (2)." As a practical matter,

"[t]he certificate is a screening device, helping to conserve judicial (and prosecutorial) resources. The obligation to identify a specific issue concentrates the parties' attention (and screens out weak issues); the limitation to constitutional claims also reduces the number of appeals while simultaneously removing a category of claim that ... has poor prospects." *Young v. United States*, 124 F.3d 794, 799 (7th Cir.1997).

As noted above, a Certificate of Appealability may be issued only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253. "A petitioner...must ... demonstrate that an issue is debatable among jurists of reason or that the questions 'deserve encouragement to proceed further.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 3394-5 & n.4 (1983)).

Here, given the above discussion, it cannot be said that the issues presented in Lane's §2255 petition are debatable among jurists of reason.  Indeed, this court has detailed the reasons why Lane's allegations relating to ineffective assistance of counsel in negotiation of the plea agreement and the voluntariness of his guilty plea are not well-taken.  Similarly, his contention that *Booker* alters his sentence is without merit.  The legal principles underlying the court's decision on these points are well-established in the law and, for this reason, they are not debatable among jurists of reason.  Neither are the issues of such a caliber so as to encourage Lane to proceed further.  As such, a certificate of appealability is DENIED.

## **CONCLUSION**

Lane's Motion pursuant to 28 U.S.C. §2255 is hereby DENIED as is a certificate of appealability.

Entered: September 20, 2005

s/William C. Lee
William C. Lee, Judge
United States District Court
